IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG  DIVISION

CLERKS OFFICE US DISTRICT COURT
AT HARRISONBURG, VA
FILED

02/02/2025

LAURA A. AUSTIN, CLERK
BY: /s/ Amy Fansler
DEPUTY CLERK

|                              |   |                        |
|------------------------------|---|------------------------|
| UNITED STATES OF AMERICA     | ) |                        |
|                              | ) |                        |
| v.                           | ) | Case No. 5:18-cr-00033 |
|                              | ) |                        |
| CHRISTOPHER THOMAS TRIMBLE   | ) |                        |

## MEMORANDUM OPINION AND ORDER

The defendant, Christopher Thomas Trimble, has filed a pro se motion in which he asks the court to remove two criminal history points he received when the court was determining his criminal history at sentencing.  (Dkt. No. 965.)  Although his motion does not expressly rely on Amendment 821 to the U.S. Sentencing Guidelines, the removal of those two points would occur from application of Amendment 821, which is retroactively applicable.  Thus, the court construes his motion as a motion seeking relief under Amendment 821, and the Clerk is DIRECTED to change the docket text to reflect the court's determination.

Upon review of his motion and his Presentence Investigation Report (PSR), the court concludes that Amendment 821 would result in the removal of the two points Trimble is referencing, which are referenced in Paragraph 64 of the PSR.  (Dkt. No. 583.)  Specifically, Part A of Amendment 821 limits the overall criminal history impact of "status points," and can result in a reduced criminal history score.  U.S.S.G. § 4A1.1(e).  Under the revised guideline, if a defendant received at least two status points, then the individual's status points are decreased by one point for individuals with seven or more criminal history points.  The amendment eliminates status points for those with six or fewer criminal history points.

Trimble received two status points, but had only four criminal history points before the application of those status points.  Thus, under the revised guideline, he would not receive those two status points, and his total criminal history score would be reduced from 6 to 4.  However,

because a defendant with 4, 5, or 6 points is in criminal history category III, the removal of these two points does not change his criminal history category and does not alter his guideline range. Thus, he is ineligible for a reduced sentence under Amendment 821.

As Trimble suggests, however, a lower number of criminal history points may affect his classification level within the Bureau of Prisons. Accordingly, the court will note this on a separate order that will be sent to the Bureau of Prisons. To the extent his motion could be construed as seeking a reduced sentence, however, he is ineligible for that reduced sentence.

For the reasons set forth herein, Trimble's motion is GRANTED IN PART insofar as it requests the removal of two criminal history points. To the extent it could be construed as seeking any other relief, including a reduced sentence, it is DENIED. A separate order also will be entered.

Entered: February 2, 2026.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
Chief United States District Judge